J-S08039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1329 WDA 2017 |
| BRUCE E. BICKEL | : | |

Appeal from the Order August 24, 2017
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000213-2017,
CP-20-CR-0001095-2016

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED MARCH 27, 2018**

The Commonwealth appeals from the order entered in the Court of Common Pleas of Crawford County at each of the above docket numbers denying its motion for consolidation of criminal informations.  Pursuant to Pa.R.A.P. 311(d), the Commonwealth certifies that the order will terminate or substantially handicap the prosecution of each case, and it contends it is entitled to an interlocutory appeal as of right.  For the following reasons, we quash the appeal.

The Commonwealth charged Appellee, Bruce Bickel, with numerous sex offenses under two separate criminal informations, each one pertaining to a different six year-old girl whom Appellee babysat during 2016.  Through counsel who represented him in docket CR 1095-2016 only, Appellant indicated he intended to take this case to trial.

_____
*   Former Justice specially assigned to the Superior Court.

Days later, on June 20, 2017, the Commonwealth filed a "Motion for Consolidation of Criminal Informations." The court conducted a hearing on the motion on August 14, 2017, where the Commonwealth argued that the cases should be consolidated because the evidence presented in one case would be admissible as evidence in the other case if tried separately, pursuant to Pa.R.Crim.P. 582(A)(1)(a).[1] By order dated August 24, 2017, the court denied the Commonwealth's motion for consolidation.

The Commonwealth filed a notice of appeal at each docket number on September 8, 2017, and filed a court-ordered Pa.R.A.P. 1925(b) statement on September 15, 2017. In its statement, the Commonwealth raised two issues, namely, that this appeal is properly before this Court as an interlocutory appeal by the Commonwealth pursuant to Pa.R.A.P. 311(d), and the court abused its discretion in denying the motion to consolidate where the evidence

_____

[1] Rule 582. **Joinder–Trial of Separate Indictments or Informations**, provides, in relevant part:

**(A) Standards**

    (1) Offenses charged in separate indictments or informations may be tried together if:

        (a) The evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger or confusion….

Pa.R.Crim.P. 582(A)(1)(a).

in each case would be admissible in the other case.  The Commonwealth's brief develops these issues appropriately.

In its Pa.R.A.P. 1925(a) opinion, the trial court concludes its order denying consolidation of informations was interlocutory and not appealable, and recommends this Court quash the Commonwealth's appeal for want of jurisdiction.  Pa.R.A.P. 1925(a) Opinion, at 1.  In support of its opinion, the trial court relies on this Court's decision in **Commonwealth v Woodard**, 36 A.3d 1003 (Pa.Super. 2016), in which this Court held:

> an order denying joinder, like an order granting severance, is interlocutory and thus not appealable.  Here, the Commonwealth is free to seek conviction on all counts, against each defendant, in three separate trials. Therefore, denial of the motion for joinder does not terminate or substantially handicap the prosecution and is not appealable under Rule 311(d).  To expand Rule 311(d) to encompass such interlocutory review would be to disturb the orderly process of litigation.  Strict application of the Rule assures that trials will go forward as scheduled.

**Woodard**, 136 A.3d at 1007 (citations and internal quotation marks omitted; emphasis added) (citing **Commonwealth v. Smith**, 544 A.2d 943 (Pa. 1988) (holding order granting severance order was interlocutory and not appealable by Commonwealth, as order did not substantially handicap prosecution, which was still able to seek convictions on charges, albeit in two separate proceedings)).

Based on the foregoing precedent, we are constrained to conclude the Commonwealth's appeal of the order denying its motion to consolidate must

- 3 -

be quashed because the order is not appealable under Rule 311(d).[2]  As resolution of Appellant's first issue is dispositive of the appeal, we do not address the second issue questioning whether the trial court abused its discretion in denying the Commonwealth's motion to consolidate.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/2018

---

[2] We note that the trial court issued no pretrial evidentiary rulings in its order denying the Commonwealth's motion for consolidation.